OAKVILLE COMPANY, Appellant, *v.* THE DOUBLE-POINTED TACK COMPANY, Respondent.

*Court of Appeals, April* 19, 1887.

*Equity. Jurisdiction.*—Where plaintiff, in an action to reform a contract on the ground of mistake, fails to establish the alleged mistake, he is not entitled, in such action, to a judicial construction of the original contract. Such construction is a purely legal question to be determined in an action brought to enforce the contract.

Action brought to obtain a reformation and construction of a written instrument.

Appeal from a judgment of the general term of the supreme court, affirming judgment for defendant.

The action was brought to obtain a construction and reformation of a written instument, assigning letters patent to plaintiff and providing that he should make and sell 25,000 gross of pins, paying royalty thereon, or the patent should revert to the assignor. Plaintiff asked that the contract be construed so that he might pay a royalty to defendant for the pins actually sold and claimed that his failure to sell the amount named merely gave the defendant the right to terminate the license.

*Stearns & Curtis*, for plaintiff and appellant.

*U. W. Tompkins*, for respondent.

FINCH, J.—The complaint in this action alleges a mistake in the written contract between the parties, and seeks its reformation so as to correctly express their agreed purpose and intention. The trial court has found, as matter of fact, that no mistake existed, and upon evidence quite sufficient to support the findings. That, of course, defeats the action so far as its substantial purpose is concerned.

But the plaintiff seeks to raise a further question over the construction of the contract as originally drawn, and insists that its true meaning is precisely what it would have been if the instrument had been reformed in accordance with the prayer of the complaint. That is a purely legal question, which does not belong to the equitable action before us. It will arise, if at all, when one party sues the other for royalties claimed to be due, and may then be determined properly and correctly, and with an effective result. The remedy at law is obvious and adequate, and no ground exists for the interposition of equity.

The exceptions taken to the exclusion of evidence as to what is "customary" in making similar contracts, and to that of the existing agreement between the defendant and the original patentee, need not be discussed. The ruling of the court in each instance involved no error.

The judgment should be affirmed, with costs.

All concur.